**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 20-cr-70 |
| v. | ) | |
| | ) | |
| GLOBAL PLYWOOD AND | ) | Plea Agreement |
| LUMBER TRADING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**FILED**

SEP - 3 2021

Clerk, U.S. District and
Bankruptcy Courts

<u>**MEMORANDUM OF PLEA AGREEMENT**</u>

The United States of America, by and through Todd Kim, Assistant Attorney General for

the Environment and Natural Resources Division of the United States Department of Justice,

Patrick M. Duggan and Ryan C. Connors, Trial Attorneys, Environmental Crimes Section,

United States Department of Justice, and GLOBAL PLYWOOD AND LUMBER TRADING,

LLC (the "Defendant"), and Defendant's counsel, pursuant to Rule 11(c)(1)(C) and 11(c)(3) of

the Federal Rules of Criminal Procedure, state that they have entered into an agreement (the

"Agreement"), the terms and conditions of which are as follows:

1. <u>Legal Framework.</u>   The Lacey Act makes it unlawful for any person to knowingly

import, export, transport, sell, receive, acquire, or purchase in interstate or foreign commerce any

plant taken, possessed, transported, or sold in violation of any law or regulation of any State or in

violation of foreign law. 16 U.S.C. § 3372(a)(2)(B). It is a criminal violation for any person to

knowingly engage in this conduct when, in the exercise of due care, that person should know that

the plants were taken, possessed, transported or sold in violation of, or in a manner unlawful

under, any underlying law, treaty, or regulation. 16 U.S.C. § 3373(d)(2).

W 8/31/21

2.  Criminal Charges.   The Defendant will enter a guilty plea to Count One of the
Information. Count One charges the Defendant with knowingly importing timber from the
Peruvian Amazon that the Defendant, in the exercise of due care, should have known was taken,
possessed, sold, and transported in violation of Peruvian law.

3.  Penalties.   The Defendant understands that the statutory penalties applicable to a
corporate defendant for each misdemeanor count to which it is entering a plea of guilty are as
follows: a maximum fine of either $200,000, or twice the gross pecuniary gain or loss resulting
from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), a term of probation of five
years, pursuant to 18 U.S.C. § 3561(c)(2), and a special assessment of $125, pursuant to 18
U.S.C. § 3013(a)(1)(B)(iii). The Defendant understands that, in addition to any other penalty, the
Court may order the payment of restitution to any victim of the offense pursuant to the
provisions of 18 U.S.C. § 3663. The parties have identified the Government of Peru as a victim
of this offense.

4.  Applicability of Sentencing Guidelines.   The Defendant understands and acknowledges
that, at sentencing, the Court is required to consider the United States Sentencing Guidelines
(U.S.S.G.), together with the other sentencing goals set forth in Title 18, United States Code,
Section 3553(a). The Defendant understands and acknowledges that the government contends
that the U.S.S.G., including Chapter Eight that provides guidance for the sentencing of corporate
defendants, may be considered by the Court, except that, pursuant to U.S.S.G. §§ 8C2.1 and
8C2.10, the guidelines which pertain to the sentencing of organizations do not determine the fine
range in cases involving environmental crimes. Instead, the fine is to be determined under



18 U.S.C. §§ 3553 and 3571. All other sections of Chapter Eight of the Sentencing Guidelines that are applicable to corporate defendants are applicable to this case.

5.   Sentencing.   Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, and in return for the complete fulfillment by the Defendant of all of its obligations under this Agreement, the government and Defendant agree that the sentence to be imposed by the Court includes a criminal fine of $5,000, restitution of $200,000, and a mandatory special assessment as discussed below. The parties agree that the sentence imposed should be as follows:

a.   Criminal Fine:   The parties stipulate and agree to a $5,000 total criminal fine.

b.   Restitution:   The parties stipulate and agree to a $200,000 restitution payment to the Ministry of Environment of Peru ("MINAM").

c.   Mandatory Special Assessment:   Defendant will pay a total special assessment of $125.

d.   Payments:   Defendant further agrees that if the terms of this Rule 11(c)(1)(C) Plea Agreement are accepted by the Court, the criminal fine, special assessment, and restitution shall be paid at the time of sentencing, unless otherwise ordered by the Court. Payment of the criminal fine, special assessment and restitution is to be made in the form of a check payable to "United States District Court Clerk" or in the form of a wire transfer if deemed acceptable by the Court Clerk. Restitution to Peru will be distributed by the District Court Clerk to a dedicated account with the Ministry of Environment of Peru. Prior to sentencing, the Defendant agrees to hold $205,125 in a U.S. bank trust account with its counsel to be used for satisfaction of any sentence imposed by the Court.

3

W  8/31/21

e.  Probation:  The parties stipulate and agree that a term of probation is not required, as the Defendant corporation has voluntarily ceased importation of timber and has dissolved.

6.  Application of the Agreement.  This Agreement shall bind the Defendant and all its successors and assigns. No change in name, change in corporate or individual control, corporate reorganization, change in ownership, merger, change of legal status, or similar action shall alter the responsibilities of the Defendant under this Agreement. The Defendant shall not engage in any action to seek to avoid the obligations and conditions set forth in this Agreement.

7.  Statements.  This Agreement does not limit the right of the Defendant or the government to speak at the time of sentencing consistent with the provisions set forth in this Plea Agreement, and to provide the Court and the United States Probation Office with evidence of all relevant conduct committed by the Defendant. The parties agree that at sentencing each will support the agreed disposition set forth in this Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure.

8.  Breach of the Agreement.  If the Defendant has failed to comply with any provision of this Agreement before the judgment is rendered, or has committed any crime within the jurisdiction of the United States during the pendency of this Agreement before judgment is rendered, the government may, at its sole option, be released from its commitments to the Defendant under this Agreement in their entirety by notifying the Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law against the Defendant irrespective of whether it elects to be released from its commitments under this Agreement. The Defendant recognizes that no such breach by it of any obligation under this

4

*V*  8/31/21

Agreement shall give rise to grounds for withdrawal of its guilty plea. The Defendant understands that should it commit any such breach of this Agreement, then the government will have the right to use against the Defendant before any grand jury, at any trial, hearing or for sentencing purposes, any statements made by Defendant's employees and agents, and any information, materials, documents or objects provided by the Defendant to the government pursuant to this Agreement without any limitation, except for any statements, information or documents provided in the course of settlement discussions pursuant to Rule 11 and Federal Rule of Evidence 410. In this regard, the Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for 120 days following any breach of the Agreement, except to the extent that such defenses existed as of the date of the signing of this Agreement.

9.  Information for Probation Office.   The Defendant agrees to provide all available information requested by the United States Probation Office for the District of Columbia. The parties will jointly request the Court to waive a pre-sentencing report (PSR).

10. Withdrawal of Agreement.   The Defendant's plea will be tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. If the sentencing judge rejects this Agreement, then it shall be null and void at the option of either the government or the Defendant. In this regard, the Defendant hereby waives any defense to any charges under any statute of limitations, for pre-indictment delay, or under the Speedy Trial Act for 120 days following any nullification or voiding of the Agreement.

11. Corporate Authorization.   The Defendant represents that it is authorized to enter into this Agreement and to bind itself to its terms. At the time of signing this Agreement, the

Ⅳ  8/3/21

Defendant shall provide to the government a written statement in the form of notarized legal document certifying that the Defendant is authorized to enter into and comply with all of the provisions of this Agreement. The resolution further shall certify that the Defendant's governing board or authority has authorized these actions, and that all corporate formalities for such authorizations have been observed.

12. <u>Waiver of Trial Rights</u>.   Defendant understands that by entering into this Agreement, it surrenders certain rights as provided in this Plea Agreement. Defendant understands that the rights of a defendant include the following:

    a.  If Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the court all agree; and

    b.  At a trial, the United States would be required to present witnesses and other evidence against Defendant. Defendant would have the opportunity to confront those witnesses and its attorney would be allowed to cross-examine them. In turn, Defendant could, but would not be required to, present witnesses and other evidence on its behalf. If the witnesses for Defendant would not appear voluntarily, it could require their attendance through the subpoena power of the court.

13. <u>Appellate and Other Waivers</u>.   The Defendant, through its authorized representative, is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange

*(signature)* 8/31/21

for the concessions made by the government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 18 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the Defendant's sentence. This Agreement does not limit the government in its comments in or responses to any post-sentencing matters. After acceptance of this Plea Agreement by the Court, the government will arrange for the return of all original documents and records seized from Defendant's corporate office by Homeland Security Investigation agents. The Defendant understands that the government might not preserve any evidence obtained in this case and in no way shall the Defendant rely on the government preserving evidence for any purpose. The Defendant hereby waives any claim to any physical evidence, papers, or electronic media in the possession, custody, or control of the government, with the exception of the previously referred-to originals and equipment which are to be returned on Defendant's acceptance of the plea. The Defendant waives any further disclosure or discovery from the government in this case. The Defendant further waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and further agrees not to file a request for case-related documents from any agency or department of the Executive Branch except as relates to a pending civil claim. Further, the Defendant waives any right to seek attorney's fees or litigation expenses under 18 U.S.C. § 3006A (the "Hyde Amendment"), and the Defendant acknowledges that the government's position in the instant prosecution was not vexatious, frivolous, or in bad faith. The Defendant further agrees that the Defendant and any agents acting on its behalf now or in the future, waives any and all claims against the U.S.

7

 8/31/21

Department of Homeland Security, or agent, employee, or contractor of either governmental entity, which relate to any aspect of the execution of a search warrant. The Defendant waives all defenses and claims with regard to statute of limitations, laches, or any other arguments that any aspect of the charges is time-barred. Finally, the Defendant waives any challenge to venue.

14. <u>Voluntariness of the Plea</u>.   The Defendant, through its authorized representative, acknowledges that it has entered into this Agreement freely and voluntarily and that it has been fully advised by counsel, and that no threats or promises were made to induce the Defendant to enter into the guilty plea called for by this Agreement.

15. <u>Cooperation</u>: Defendant agrees to cooperate with any further investigation of the matters outlined in the Statement of Facts, as those matters relate to separate individuals and entities, by agreeing to meet with investigating authorities, through an authorized corporate representative, within 3 months of the plea hearing.

16. <u>Factual Basis for Guilty Plea</u>.   The factual basis is contained in the attached Statement of Facts. If this case were to proceed to trial, the parties agree that the government could prove each element of the offense beyond a reasonable doubt.

17. <u>No Further Prosecution</u>.   The Environmental Crimes Section of the U.S. Department of Justice and the U.S. Attorney's Office for the Southern District of Texas agree that they will not further initiate or pursue criminal charges against the Defendant, including the Defendant's officers, employees, representatives, or the dissolved Nevada entity Global Plywood and Lumber, Inc., arising from any activities that occurred up to the date of the signing of this Agreement related to the harvest, transport, import, or sale of timber, false statements made on Lacey Act declarations, other false statements as to timber harvest legality, location, or species,

8

 8/31/21

or any other violation of the Lacey Act occurring or related to the underlying actions outlined in the Statement of Facts. This Agreement only binds the Environmental Crimes Section and the U.S. Attorney's Office for the Southern District of Texas. It does not bind any other U.S. Attorney's Offices, Sections of the Department of Justice, or other state, or local authority from initiating and pursuing criminal charges against the Defendant for any other violation of the law not explicitly identified above. The Southern District of Texas is not a signatory on this agreement, but has provided all parties with confirmation that it agrees to be bound by this Agreement.   The Environmental Crimes Section will bring this Plea Agreement and the full extent of Defendant's cooperation to the attention of other prosecuting offices, if requested by the Defendant.

8/31/21

18. Completeness of Agreement.  The government and the Defendant acknowledge that

these terms constitute the entire Agreement between the parties. No promises, agreements or

conditions have been entered into other than those set forth in this Agreement. This Agreement

supersedes all prior understandings, whether written or oral. This Agreement cannot be modified

other than in a written memorandum signed by the parties or on the record in Court. This Plea

Agreement is effective upon signature by the Defendant and all of the attorneys for the

government.


AGREED AND ACCEPTED

Todd Kim
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

By:                                         Date: 9/1/21
    Patrick M. Duggan
    Trial Attorney
    Environmental Crimes Section
    United States Department of Justice

By:   Ryan Connor                           Date: 9/1/21
    Ryan C. Connors
    Trial Attorney
    Environmental Crimes Section
    United States Department of Justice

10

8/31/21

On behalf of the Defendant Global Plywood and Lumber Trading, LLC, I have been authorized by a corporate resolution to sign this Agreement and bind the Defendant. The Defendant has been advised by its attorneys of its rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. The Defendant voluntarily agrees to all of the terms of this Agreement. No promises or inducements have been made to the Defendant other than those contained in this Agreement. No one has threatened or forced the Defendant in any way to enter into this Agreement. The Defendant is satisfied by the representation of its attorneys in this matter.

Ken Peabody
Authorized Representative

Date: 8/31/21

I am counsel for the Defendant and have discussed every part of this Agreement with its authorized representatives. Further, I have fully advised the authorized representatives of the Defendant of their rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this Agreement. To my knowledge, the Defendant's decision to enter into this Agreement is informed and voluntary.

Samuel Witten
Arnold & Porter
Counsel for Defendant

Date: 9/1/21

Amy Jeffress
Arnold & Porter
Counsel for Defendant

Date: 9/1/21

Sean Hennessy
Arnold & Porter
Counsel for Defendant

Date: 9/1/21

11

8/31/21